UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL REYNOLDS,

      Plaintiffs,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

Case No. 2:20-cv-13386
Magistrate Judge Anthony P. Patti

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF 15), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF 17) and AFFIRMING THE DECISION OF THE COMISSIONER OF SOCIAL SECURITY

Plaintiff April Reynolds brought this action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) for review of a final decision of the Commissioner of Social Security (Commissioner) denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).  Although this case was originally assigned to Judge Friedman, the parties consented to my jurisdiction to handle this case through entry of a final judgment.  (ECF No. 18.)

Plaintiff's motion for summary judgment pursues two broad challenges to the Commissioner's findings on appeal: (1) the ALJ's residual functional capacity ("RFC") assessment was in error and not based on substantial evidence (ECF No. 15, PageID.668-69), and (2) the Commissioner failed to consider new and material

evidence presented by Plaintiff (ECF No. 15, PageID.670-71). The Commissioner filed a cross-motion for summary judgment (ECF No. 17) and Plaintiff filed a reply (ECF No. 20). The Court held a hearing on July 8, 2022 at which counsel for both parties appeared and presented oral argument. The scope of the first appellate issue was further narrowed and clarified through Plaintiff's counsel's answers to questions from the bench at oral argument.[1] Plaintiff withdrew and waived the second appellate issue, conceding that she did not have "good cause" for a remand to consider new evidence under "Sentence Six" of 42 U.S.C. § 405(g). *See Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (explaining the good cause requirement of Sentence Six). At the conclusion of the hearing, the Court issued its ruling and provided extensive reasoning from the bench.

---

[1] Among other things discussed, Plaintiff's counsel conceded that the hypothetical posed to the vocational expert by the ALJ was consistent with the ALJ's RFC finding. Thus, to the extent Plaintiff argued that error was committed at Step 5 of the sequential process, it was, in reality, a "veiled attack" on the ALJ's underlying RFC finding. *See Kirchner v. Colvin*, No. 12-CV-15052, 2013 WL 5913972, at *11 (E.D. Mich. Nov. 4, 2013) ("Kirchner's Step Five argument is a veiled attack on the ALJ's underlying RFC finding" because "this is not a scenario where the ALJ's hypothetical failed to match up to the RFC he ultimately imposed."). *See also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999) ("To require the Commissioner to prove a claimant's RFC at step five is essentially to partially shift the burden of proof required of a claimant at step four to the Commissioner.").

Plaintiff has the burden of proof on statements of error. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five."). "[A] decision supported by substantial evidence must stand, even if [the court] might decide the question differently based on the same evidence." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017). Although Plaintiff complains that the ALJ did not consider certain evidence favorable to her position because it was not expressly mentioned in the ALJ's decision, "the ALJ need not expressly mention every piece of evidence, so long as the overall decision was supported by substantial evidence." *Noto v, Comm'r of Soc. Sec.*, 632 F. App'x 243, 250 (6th Cir. 2015). Plaintiff has not shown legal error that would upend the ALJ's decision and the Court finds that it is supported by substantial evidence. As explained in greater detail from the bench, the Court is satisfied that the ALJ reviewed and considered the entire record and acted well inside the "'zone of choice' within which the Commissioner can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citation omitted). While Plaintiff argues that a remand would give the opportunity to further "flesh out" the evidence and lead to a different conclusion, "[t]he findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Id*.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Defendant's motion for summary judgment is **GRANTED** (ECF No. 17), Plaintiff's motion for summary judgment is **DENIED** (ECF No. 15), and the final decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: July 12, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE